Nicholas M. AURICCHIO,
Plaintiff–Appellant,

v.

TOWN OF DEWITT; Town of Dewitt Police Department; Eugene J. Conway, Individually and in his official capacity as Chief of Police for the Town of Dewitt; Brenton White, Individually and in his official capacity as Police Officer for the Town of Dewitt Police Department; Damon Gagnier, Individually and in his official capacity as Police Officer for the Town of Dewitt Police Department, Defendants–Appellees;

John Doe, Individually and in his capacity as a Police Officer for the Town of Dewitt Police Department, Defendant.

No. 13–1262–cv.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2014.

Michael J. Auricchio, Syracuse, N.Y., for Appellant.

Frank W. Miller, The Law Firm of Frank W. Miller, East Syracuse, N.Y., for Appellees.

PRESENT: DENNIS JACOBS, DENNY CHIN and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Nicholas Auricchio appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment *de novo. See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.; accord* Fed.R.Civ.P. 56(a). In determining whether there are genuine disputes of material fact, the court is " 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.' " *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (quoting *Stern v. Trs. of Columbia Univ. in City of N.Y.*, 131 F.3d 305, 312 (2d Cir.1997)). There is no genuine dispute for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

This suit arises out of Auricchio's arrest on East Genesee Street, in the Town of Dewitt, for violating the Town's Noise Control Law by preaching. *See* Town of Dewitt Code, Ch. 126 (the "noise ordinance"). We affirm for substantially the same reasons set forth by the district court in its well-reasoned decision dated March 8, 2013. *See Auricchio v. Town of DeWitt*, 2013 WL 868261, 2013 U.S. Dist. LEXIS 31679 (N.D.N.Y. Mar. 8, 2013).

In particular, we have upheld the constitutionality of similarly-worded statutes against facial challenges under the First Amendment. *See, e.g., Costello v. City of Burlington*, 329 Fed.Appx. 330, 331 (2d Cir.2009); *Deegan v. City of Ithaca*, 444 F.3d 135, 140 (2d Cir.2006). Auricchio's as-applied challenge is that the noise ordinance's exceptions render the ordinance impermissibly content-based. We disagree. "[E]nforcement of the noise control ordinance did not burden substantially more speech than necessary to achieve [Dewitt's] goal of curbing excessive noise[,]" because the undisputed evidence demonstrates that Auricchio's "noise impinged on the use of the neighborhood by others with equal claim[.]" *Costello v. City of Burlington*, 632 F.3d 41, 46 (2d Cir.2011). Finally, we agree with the district court that the defendant police officers had probable cause to arrest Auricchio; in any event, they are entitled to qualified immunity on all of Auricchio's claims because, "[c]onsidered against the backdrop of our prior holdings, it is clear [that] 'officers of reasonable competence could disagree on the legality of [Auricchio's] actions,' especially in light of the multitude of uses [East Genesee] Street must accommodate." *Id.* at 52 (Pooler, J., concurring) (citation omitted).

For the foregoing reasons, and finding no merit in Auricchio's other arguments,

we hereby **AFFIRM** the judgment of the district court.